IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN JANDA, et al.

    Plaintiffs,

v.

T-MOBILE, USA, INC.,

    Defendant.

No. C 05-03729 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 20, 2006:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The parties shall not file written responses to the questions posed in this notice.

    The Court **tentatively GRANTS IN PART AND DENIES IN PART** Defendant's motion. As to Plaintiff Janda, the Court **tentatively DENIES** the motion on the ground that the class waiver provision is not enforceable and, thus, by the terms of the arbitration provision the

1  matter shall not be arbitrated.  As to Plaintiff Singh, the Court **tentatively DENIES** the motion
2  to dismiss and **tentatively GRANTS** the motion to compel, but will **tentatively** strike the class
3  waiver provision from the arbitration clause.  The Court further **tentatively DENIES AS**
4  **MOOT** Plaintiffs' motion to strike.

5      The parties each shall have 20 minutes to address the following questions:

6  1.  Is there any question as to this Court's jurisdiction?

7  2.  Would Plaintiffs agree that any ruling on the motion to compel essentially
8     renders the motion to strike moot?

9  3.  If, as to Janda, the Court finds the arbitration clause enforceable but only on the
10    condition that the waiver against class treatment is stricken, is the Court correct
11    in its understanding that T-Mobile's position is that the arbitration clause is to be
12    stricken in its entirety?

13  4.  Is Chang Exhibit 5 the version of T-Mobile's terms and conditions applicable to
14    Singh?  For the Court's benefit, when did the version of T-Mobile's terms and
15    conditions that are attached as Chang Exhibit 2 become effective?

16  5.  This case does not involve stand-alone arbitration agreements.  Rather, the
17    arbitration clauses are contained within T-Mobile's terms and conditions.  How
18    do Plaintiffs distinguish *Nagrampa v. Mailcoups, Inc.*, 401 F.3d 1024, 1028 (9th
19    Cir. 2005), in which the Ninth Circuit held that a court's inquiry into whether
20    parties have entered into an enforceable arbitration agreement "must ... be
21    confined to those issues that pertain specifically to the arbitration clause's
22    validity.  *Any issues that relate to the making of the [contract] as a whole must*
23    *be referred to an arbitrator.*"

24  6.  T-Mobile argues that because Plaintiffs could choose from a number of wireless
25    or mobile services, they cannot prove oppression with respect to the arbitration
26    clause, citing *Wayne v. Staples, Inc.*, 2006 Cal. App. LEXIS 2, * 27 (quoting
27    *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal. App. 3d 758, 768
28    (1989)).  T-Mobile, however, omits the last part of the court's statement in *Dean*

*Witter*, namely that a "claim of 'oppression' may be defeated if the complaining party has reasonably available sources of supply from which to obtain desired goods or services *free of the terms claimed to be unconscionable.*"  Apart from Virgin Mobile, what other wireless services do not have arbitration agreements that contain a class action waiver clause?

7. In *Discover Bank*, the California Supreme Court considered and rejected the argument that the FAA would preempt a rule against class action waivers (concluding that "that class action waivers are, under certain circumstances, unconscionable, as unlawfully exculpatory is a principle of California law that does not specifically apply to arbitration agreements, but to contracts generally"). *Discover Bank*, 30 Cal. 4th at 1112.

   a. Why is the holding of *Discover Bank* simply not an application of the law of unconscionability to a particular set of facts rather than the announcement of a "three part test" applicable only to certain types of contracts as T-Mobile argues?

   b. What is T-Mobile's best argument that the principle announced in *Discover Bank* "discriminate[s] against arbitration clauses"? *See id.* at 1113.

Dated: January 18, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3