IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN JANDA and MANJIT SINGH,

    Plaintiffs,

v.

T-MOBILE USA, INC.,

    Defendant.

No. C 05-03729 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING APPEAL**

### INTRODUCTION

This matter comes before the Court upon consideration of the motion to stay pending appeal filed by T-Mobile USA, Inc. ("T-Mobile"). Having considered the parties' pleadings, relevant legal authority, the record in this case and good cause appearing, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L. Rule 7-1(b). Accordingly, the hearing set for June 23, 2006 is VACATED.

### ANALYSIS

On March 17, 2006, the Court denied T-Mobile's motion to compel the Plaintiffs to arbitrate their claims. On April 14, 2006, T-Mobile appealed that decision pursuant to 9 U.S.C. § 16(a)(1)(A) and (B). T-Mobile now moves to stay the proceedings in this Court pending appeal.

It is within this Court's discretion to determine whether it should stay these proceedings pending appeal. *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 & n.8 (9th Cir. 1990). In the Ninth Circuit, "[t]he standard for evaluating stays pending appeal is similar to that

employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (setting forth four factors governing issuance of stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in proceeding; and (4) where the public interest lies"). The Ninth Circuit uses "two interrelated legal tests for the issuance of preliminary injunction." *Lopez*, 713 F.2d at 1435. Thus, a moving party may either show a "probability of success on the merits and the possibility of irreparable injury" or "demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

The central dispute between the parties, pertinent to the appeal, is whether the Plaintiffs' claims should be resolved in the judicial forum or the arbitral forum. Having considered the parties' arguments, and in light of the sliding scale used by the Ninth Circuit in evaluating whether stays should be granted, the Court finds that T-Mobile has demonstrated that the balance of hardships tips sharply in its favor and serious legal questions are presented. Accordingly, exercising its discretion, the Court GRANTS T-Mobile's motion and STAYS this action pending resolution of the appeal.

However, T-Mobile is ORDERED to submit status reports every 120 days while the appeal is pending apprising the Court of the status of those proceedings and when it expects the stay to be lifted. T-Mobile's first status report shall be due within 120 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 21, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE