IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN JANDA, et al.

    Plaintiffs,

  v.

T-MOBILE, USA, INC.,

    Defendant.
_____/

No. C 05-03729 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 27, 2009:

       The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively grants in part** Defendant's motion.  Specifically, Plaintiffs claims under the CLRA are dismissed with prejudice.  The parties each shall have twenty (20) minutes to address the following questions:

1. T-Mobile has submitted a copy of the District Court's Order granting plaintiffs' motion for judgment on the pleadings in *Lowden v. T-Mobile*, No. C05-1482-MJP (W.D. Wash. Feb. 18, 2009).  Assuming for the sake of argument that Judge Pechman's ruling is correct, how would Plaintiffs distinguish this case from *Lowden*?

2. How do Plaintiffs respond to T-Mobile's contention that neither it, nor its predecessor Voice Stream Wireless, provided service in California prior to 2002? (*See* Reply at 2:26-28; T-Mobile's Request for Judicial Notice, Ex. A.)

3. On what authority do Plaintiffs rely to characterize the FCC Policy Statement attached as Exhibit B to the SAC as a "regulation" or "order?"

4. In its Order on T-Mobile's motion for judgment on the pleadings, the Court concluded that Plaintiffs had alleged facts sufficient to show that the manner which T-Mobile presented the USF-RPF fees could constitute a deceptive business practice.  (Order at 12:7-13:10 (citing *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457 (2006) and *Schnall v. The Hertz Corp.*, 78 Cal. App. 4th 1144, 1163-64 (2000)).)  In the SAC, Plaintiffs again assert that T-Mobile's conduct amounted to a "bait and switch."  On what basis does T-Mobile contend that the Court should revisit its earlier ruling on the manner in which T-Mobile allegedly presented the USF-RPF fees?

5. In that same Order, the Court concluded that Plaintiff Singh had stated a claim for breach of contract, based in part on the allegations that "he was charged the USF fee which is not a tax and which is not related to providing his service."  On what basis does T-Mobile argue that the Court should revisit that ruling?

6. Are there any other issues the parties wish to address?

Dated: February 26, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE